```
                    UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                           WESTERN DIVISION
```

JEAN McKNIGHT                                              PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:09cv17-DCB-JMR

ORKIN, INC. (FORMERLY ORKIN
EXTERMINATING CO., INC.), a corporation;
JOHN AND JANE DOES #1-20; JAMES EARL
THOMAS, an individual; GLEN H. McCASKILL,
an individual; and LEONARD HAYES, an individual       DEFENDANTS

                               ORDER

This cause is before the Court on the plaintiff's Motion to Remand **(docket entry no. 6)**. Having considered the motion and response, the memoranda and the applicable law, and being otherwise fully advised in the premises, the Court finds as follows:

On December 2, 2008, the plaintiff, Jean McKnight, filed this action in the Circuit Court of Warren County, Mississippi, against Orkin, Inc., and John and Jane Does #1-20. In her Complaint, the plaintiff brings claims for fraud, negligence, breach of warranty, breach of contract, equitable relief, and negligent training, supervision, and retention, all of which arise out of "the pattern and practice by Defendants of failing to provide the termite services they are required by statute, regulations, contracts, industry standards, and good practice to provide; and in connection therewith of engaging in a pattern and practice of deceptive conduct designed to conceal their wrongdoing." Complaint, p. 1. The plaintiff seeks to recover compensatory, incidental, consequential, and punitive damages, equitable relief, and litigation costs, including reasonable attorney's fees. Complaint,

1

p. 13.

On February 12, 2009, Orkin filed a Notice of Removal of the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, predicating the Court's jurisdiction upon diversity of citizenship under 28 U.S.C. § 1332. In its Notice of Removal, Orkin avers that it is completely diverse from the plaintiff inasmuch as the plaintiff is a citizen of Mississippi and Orkin is a Delaware corporation with its principal place of business in Georgia. Orkin correctly points out that the citizenships of John and Jane Does #1-20, fictitiously-named defendants, are disregarded for purposes of removal pursuant to § 1441(a). Orkin also shows by a preponderance of the evidence that the amount in controversy requirement of § 1332 is satisfied as it likely exceeds $75,000.00, exclusive of interests and costs.

The plaintiff filed an Amended Complaint on March 12, 2009, wherein she substituted three named defendants (James Earl Thomas, Glen H. McCaskill and Leonard Hayes) for three of the John Doe defendants. On the same day, the plaintiff filed the instant Motion to Remand, contending that the parties are not completely diverse because substituted defendant Glen H. McCaskill and the plaintiff are both citizens of Mississippi. Motion to Remand, ¶ 3. The Amended Complaint is vague as to the citizenship of the other two substituted defendants, Thomas and Hayes, although they are alleged to be "current residents" of Mississippi. See Amended Complaint, ¶¶ 4, 6. In addition, the Motion to Remand states, "There are other Defendants substituted who are Mississippi

2

citizens as well." Motion to Remand, ¶ 3. The plaintiff's Motion to Remand also names two additional defendants, Brian Ramay and Robert Boone, who were not named in the Amended Complaint. The Court therefore construes the plaintiff's Motion to Remand as requesting the addition of Ramay and Boone as defendants whose presence would also defeat diversity jurisdiction. For purposes of deciding the Motion to Remand, the Court assumes without deciding that the five proposed defendants, McCaskill, Thomas, Hayes, Ramay and Boone, are all resident citizens of Mississippi, the presence of any one of which would destroy diversity jurisdiction.

In response to the Motion to Remand, Orkin argues that the plaintiff has not properly joined the substituted defendants (McCaskill, Thomas and Hayes) in that she has failed to plead specific facts evidencing that they breached a duty owed the plaintiff. Memorandum in Opposition to Motion to Remand, p. 2. The Court construes Orkin's response as also opposing the addition of Ramay and Boone as defendants for the same reason.

Orkin timely and properly removed the action to this Court, and the Court therefore has subject matter jurisdiction. The plaintiff has now amended her Complaint to add three non-diverse defendants, and apparently wishes to add two more non-diverse defendants. The statute governing this situation states,

> [i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). The Court is to use its discretion in deciding whether to allow a non-diverse party to be added when

3

confronted with an amendment to add a party. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). The Fifth Circuit Court of Appeals, in Hensgens, established that the district court should balance two competing interests in its decision: on the one hand, "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and waste of judicial resources," and on the other hand, the diverse defendant's interest in retaining the federal forum. Id. The Court supplied four factors for the district court to consider:

> (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction;
> (2) whether the plaintiff has been dilatory in asking for the amendment;
> (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and
> (4) any other factors bearing on the equities.

Humphries v. Kroger Co., 2007 U.S. Dist. LEXIS 11305 (S.D. Miss. 2007)(quoting Hensgens, 833 F.2d at 1182).

The plaintiff argues that because she properly amended her Complaint before she was served with a responsive pleading, in accordance with Fed.R.Civ.P. 15(a), the Court need not scrutinize the addition of the non-diverse defendants because there is simply no complete diversity and removal is mandatory. However, because the amendment has the effect of divesting the Court of its jurisdiction, the plaintiff is not entitled to amend her Complaint as a matter of course pursuant to 15(a). Instead, the plaintiff must obtain permission from the Court to amend and add the non-diverse defendants in accordance with § 1447(a). See e.g., Mayes v. Rapoport, 198 F.3d 457, 462 n. 11 (4th Cir. 1999); Horton v.

4

Scripto-Tokai Corp., 878 F. Supp. 902, 908 (S.D. Miss. 1995) Ascension Enterprises., Inc. v. Allied Signal, Inc., 969 F. Supp. 359, 360 (M.D. La. 1997); Whitworth v. TNT Bestway Transp., 914 F. Supp. 1434, 1435 (E.D. Tex. 1996). In short, "§ 1447(e) trumps Rule 15(a)." Ascension Enterprises, 969 F. Supp. at 360. In addition, the Court should "scrutinize [an amendment that adds a non-diverse defendant] more closely than an ordinary amendment" and consider it in light of the four Hensgens factors. Hensgens, 833 F.2d at 1182.

The first factor is the extent to which the purpose of the amendment is to defeat federal jurisdiction. If the plaintiff states a valid cause of action against the proposed defendants, then the purpose of adding them is not to defeat jurisdiction. Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir. 1991). The general rule in Mississippi is that where an agent acts for a known principal, the agent incurs no liability for the principal's breach of duty. Hart v. Bayer Corp., 199 F.3d 239, 247 (5th Cir. 2000). Conversely, an agent may be held personally liable if he or she "directly participates in or authorizes the commission of a tort." Id. An agent cannot be held liable, however, merely based on his connection to the principal without some individual tortious act. Id. "'[D]irect participation' does not necessarily mean 'hands-on participation' in the tortious act itself." Stewart v. Glenburney Healthcare, 2008 WL 5412311 (S.D. Miss. 2008)(quoting Hill v. Beverly Enterprises-Mississippi, Inc., 305 F. Supp. 2d 644, 648 (S.D. Miss. 2003)). However, the agent's involvement must be

5

more than "peripheral."  The agent must have been the "guiding spirit" behind, or the "central figure" in, the wrongful activity. Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 174 (5th Cir. 1985).

The plaintiff has alleged no individual activity on the part of the proposed defendants that goes beyond "peripheral" involvement.  The plaintiff proposes to add the individual defendants on the basis of their connection to Orkin as "certified pest operators (CPOs), licensees, P1 permit holders (control of termites and other structural pests) and/or high level managers, officers or officials and/or termite service technicians, treaters or inspectors for Orkin, Inc. and Orkin Exterminating Company, Inc."  Amended Complaint ¶ 3.  The plaintiff pleads no facts to support a conclusion that the proposed defendants might be held personally liable for the alleged wrongdoings.  Therefore, the Court concludes that the plaintiff's purpose in adding the non-diverse defendants is to defeat federal jurisdiction.

The conclusion that the plaintiff has no valid cause of action against the proposed defendants naturally leads to the conclusion that the proposed defendants may not be joined in this action, and the other Hensgens factors need not be considered.  Accordingly,

 IT IS HEREBY ORDERED that the plaintiff's Motion to Remand **(docket entry no. 6)** is DENIED;

FURTHER ORDERED that permission to add the proposed defendants James Earl Thomas, Glen H. McCaskill, Leonard Hayes, Brian Ramay and Robert Boone is denied;

FURTHER ORDERED that the proposed substituted defendants James

Earl Thomas, Glen H. McCaskill and Leonard Hayes are dismissed from this action with prejudice.

SO ORDERED, this the 30th day of July 2009.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE